UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| SHAUN STEVEN KIDD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 1:12-CV-40 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| STEVEN S. NEFF, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM

Plaintiff Shaun Steven Kidd ("Plaintiff" or "Mr. Kidd") filed a *pro se* civil rights complaint against Defendant Steven S. Neff, Assistant United States Attorney for the Eastern District of Tennessee ("Defendant" or "AUSA Neff") (Court File No. 1-1). Defendant filed a motion to dismiss (Court File No. 6),[1] and Plaintiff submitted a response in opposition (Court File No. 14). For the following reasons, the Court will **GRANT** Defendant's motion to dismiss (Court File No. 6).

Although Defendant's motion to dismiss is dispositive of the case, the Court will also briefly discuss two of Plaintiff's motions filed subsequent to Defendant's motion--that is, Plaintiff's "Motion for Stay of Proceedings" (Court File No. 18), which is essentially a request for counsel, and Plaintiff's motion for leave to file an amended complaint (Court File No. 24). Because Plaintiff is not entitled to appointed counsel and Plaintiff's complaint fails to state a claim upon which relief can be granted even with the requested amendments, Plaintiff's motions must be **DENIED** (Court File Nos. 18, 24).

---

[1] The motion to dismiss was filed by both AUSA Neff and the United States, by and through William C. Killian, United States Attorney for the Eastern District of Tennessee, because the complaint did not clearly indicate whether Plaintiff intended to sue AUSA Neff in his official or individual capacity.

## I. SCREENING OF COMPLAINT AND STANDARD OF REVIEW

### A. *Pro Se* Pleadings

The Court must screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. Section 1915A states that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under 28 U.S.C. § 1915A(b)(1) if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted," or under § 1915A(b)(2) if it "seeks monetary relief from a defendant who is immune from such relief." Therefore, guided by the analogous cases dismissing a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted, the Court must determine whether the complaint should be dismissed because, even if everything alleged in the complaint is assumed to be true and accurate, Plaintiff is not entitled to relief as a matter of law. *Cf. Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993); *Nishiyama v. Dickson Cnty., Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987).

It is well established that courts are required to liberally construe *pro se* complaints to allow for the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). In addition, when evaluating a *pro se* complaint, the plaintiff's allegations are presumed to be true. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996), *cert denied*, 520 U.S. 1251 (1997). Thus, the mandated liberal construction requires the Court to read the pleadings to state a valid claim on which Plaintiff could prevail. *See Boag v.*

*MacDougall*, 454 U.S. 364, 365 (1982).

The requirement of liberal construction, however, does not translate to ignoring a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990). The liberal construction is not boundless, for *pro se* plaintiffs are required to comply with substantive law and the minimum requirements for pleading a civil complaint under Fed. R. Civ. P. 8(a). *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). In other words, the Court is not required to conjure up factual allegations and claims on Plaintiff's behalf which he failed to plead in his complaint. *Id.* The relaxed *pro se* pleading requirements do not automatically entitle *pro se* plaintiffs to take every case to trial. *Id.*; *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).

**B.     Rule 12(b)(6)**

A Rule 12(b)(6) motion should be granted when it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998). For purposes of this determination, the Court construes the complaint in the light most favorable to the plaintiff and assumes the veracity of all well-pleaded factual allegations in the complaint. *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). The same deference does not extend to bare assertions of legal conclusions, however, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court next considers whether the factual allegations, if true, would support a claim entitling the plaintiff to relief. *Thurman*, 484 F.3d at 859. Although a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v.*

3

*Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)), this statement must nevertheless contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility as explained by the Court "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show [n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

### A. The Underlying Criminal Case

Because Plaintiff's civil complaint stems from the facts of his federal criminal case, the Court will first summarize the underlying criminal action. Ordinarily a court does not consider matters outside a complaint when deciding whether to dismiss a complaint for failure to state a claim upon which relief may be granted. *Weiner v. Klais & Co.*, 108 F.3d 86, 88-89 (6th Cir. 1997). However federal courts may consider public records and any other matters of which courts may take judicial notice under Rule 201(b) of the Federal Rules of Evidence. *See Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999), *overruled on other grounds*, *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506 (2002).

In reviewing Plaintiff's civil complaint pursuant to § 1915A and in light of Defendant's

4

motion to dismiss, the Court takes judicial notice of the record in the underlying criminal case of *United States of America v. Shaun Kidd*, United States District Court for the Eastern District of Tennessee, 1:10-cr-114. *Shuttlesworth v. City of Birmingham, Ala.*, 394 U.S. 147, 157 n.6 (1969). Plaintiff's (that is, Mr. Kidd's) case was before District Court Judge Harry S. Mattice, Jr. On August 10, 2010, Mr. Kidd was charged in a one-count bill of information with aiding and abetting a bank employee in embezzling bank funds, in violation of 18 U.S.C. §§ 2 and 656. Specifically, the information alleges Mr. Kidd "caused and induced Jacinda James, being an employee of SunTrust Bank, a federally insured financial institution, with the intent to defraud SunTrust Bank, to knowingly and intentionally misapply the sum of $40,000 of the funds of said bank, in that [Mr. Kidd] caused and induced Jacinda James without authorization, to withdraw said funds from the account of customer M.S. and convert them unlawfully to [Mr. Kidd's] own use" (Case No. 1:10-cr-114; Court File No. 1). On September 27, 2010, Mr. Kidd entered a guilty plea before the magistrate judge.

According to the presentence investigation report ("PSR"), Mr. Kidd had an offense level of 13 and a criminal history category of VI, which resulted in an advisory guidelines range of 33 to 41 months. The probation officer noted in the PSR that an upward departure may be warranted pursuant to United States Sentencing Guidelines § 4A1.3 because Mr. Kidd's criminal history category substantially underrepresented the seriousness of his criminal history and the likelihood that he would commit other crimes.[2] On February 22, 2011, Mr. Kidd was sentenced to a 60-month term of imprisonment and received 5 years of supervised release (Court File No. 21). He was also

---

[2] Mr. Kidd had a total of 43 criminal history points, which is more than three times the number of points needed to fall within criminal history category VI.

5

ordered to pay restitution in the amount of $75,850.49 (*see id.*).[3] The United States Court of Appeals for the Sixth Circuit affirmed the district court's judgment (Court File No. 36).

### B. The Civil Complaint

Plaintiff's complaint in the civil case against Defendant is incredibly vague. Other than stating the complaint was filed to address the "official misconduct" of Defendant, Plaintiff makes no factual allegations (Court File No. 1-1). He does aver the following statutes have been violated by Defendant: Tenn. Code Ann. §§ 39-16-402, 39-16-403, and 8-7-502. He also asserts that "Amendment XIV has been violated" as well as "Due Process, Privileges, an[d] Immunities, Equal Protection." In later filings, Plaintiff contends 42 U.S.C. § 1983 is the means through which he intends to maintain a cause of action against Defendant (*see, e.g.*, Court File No. 19).

Plaintiff seeks damages in the amount of $500,000 (*id.*).

## III. DISCUSSION

### A. Motion to Dismiss

Defendant has filed a motion to dismiss Plaintiff's complaint. Construing Plaintiff's *pro se* complaint liberally, the Court has determined Plaintiff is asserting a *Bivens* claim against Defendant. Plaintiff has also brought several claims against Defendant under Tennessee law. The Court will address each of Plaintiff's claims in turn.

#### 1. *Bivens* Claim

Although Plaintiff argues Defendant violated his constitutional rights pursuant to 42 U.S.C.

---

[3] The Court issued an amended judgment on March 4, 2011, but the changes did not alter the substantive parts of Defendant's sentence (*see id.*; Court File No. 26).

6

Case 1:12-cv-00040 Document 28 Filed 09/25/12 Page 6 of 12 PageID #: 80

§ 1983, Plaintiff's claim should actually be analyzed under *Bivens*. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). To state a general claim under § 1983, a plaintiff must set forth "facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). In contrast, a *Bivens* claim requires that a "plaintiff must allege facts which show that the individual defendant acted 'under color of federal authority' and was personally involved in the deprivation of the plaintiff's constitutional rights." *Mueller v. Gallina*, 137 F. App'x 847, 850 (6th Cir. 2005) (citing *Browning v. Clinton*, 292 F.3d 235, 250 (D.C. Cir. 2002)). The *Bivens* doctrine serves as the counterpart to civil rights actions against state actors pursuant to 42 U.S.C. § 1983, and the decisional law developed under § 1983 generally applies to *Bivens*-type actions. *See Carlson v. Green*, 446 U.S. 14, 21-22 (1980). An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. *Mueller*, 137 F. App'x at 850.

In this case, Plaintiff does not indicate whether he is suing Defendant in his individual or official capacity. However, to the extent Plaintiff is asserting a claim against Defendant in his official capacity, the claim must be dismissed. *See Dunbar Corp. v. Lindsey*, 905 F.2d 754, 762 (4th Cir. 1990) (discussing differences between Federal Tort Claims Act and *Bivens* actions). A suit against government officials in their official capacities is the same as bringing suit against the United States of America, which is impermissible under the *Bivens* doctrine. *See Hafer v. Melo*, 502 U.S. 21 (1991); *Hampton v. Marion*, 98 F. App'x 410, 412 (6th Cir. 2004). Moreover, sovereign immunity protects the United States government and its officers and employees acting in official

7

capacities from *Bivens* claims. *Id.*

Plaintiff's *Bivens* claim against Defendant in his individual capacity must also be dismissed because it is barred under the favorable termination rule discussed in *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001) (noting the *Heck* rule applies to actions brought under *Bivens*). Plaintiff's claim pertains to the alleged unlawfulness of his federal sentence. To maintain a *Bivens* action, a plaintiff must show "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a [federal court] authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *See Heck*, 512 U.S. at 486-87. Otherwise, the district court's consideration of the plaintiff's civil tort action under *Bivens*, which allows for the recovery of money damages, would imply the plaintiff's sentence was invalid. *Id.* at 487. A district court must dismiss the civil complaint unless the plaintiff can show his sentence has already been invalidated. *Id.*

Plaintiff's *Bivens* claim arises out of and is based on the facts and circumstances of his sentencing. Although Plaintiff fails to allege any facts in the complaint, in later filings, he attempts to clarify the basis for his claim noting Defendant "[d]id knowingly and or willfully testify to the misconduct on his behalf by the retroactive enhancement of Plaintiff['s] criminal history category" (Court File No. 9). Plaintiff also claims this "made [his] imprisonment longer than it would have been had Mr. Neff (Defendant) followed the Guidelines of the Sentenceing[sic] act" (Court File No. 9). Finally, Plaintiff contends this enhancement was "illegal and unproffessional[sic]" (*id.*). Based on the facts of the underlying criminal case, the "enhancement" Plaintiff is challenging is, in fact, the upward departure the district court imposed pursuant to USSG § 4A1.3 because Plaintiff's criminal history category substantially underrepresented the seriousness of his criminal history and

8

the likelihood that he would commit other crimes.

Although Plaintiff's *Bivens* claim directly implicates his criminal sentence, he has not shown his federal judgment was reversed on direct appeal, expunged by executive order, declared invalid by a federal court, or called into question by a federal court's issuance of a writ of habeas corpus. To the contrary, the Sixth Circuit recently affirmed the district court's judgment. Taking all of this into account, Plaintiff's *Bivens* claim must be dismissed because it is barred by the *Heck* favorable termination rule.

### 2. Prosecutorial Immunity

In addition to the *Heck* rule barring Plaintiff from bringing a *Bivens* claim, Plaintiff's federal constitutional claims and state law claims are prohibited under the doctrine of prosecutorial immunity. As a preliminary matter, Plaintiff's state law claims independently lack merit. Sections 39-16-402 and 39-16-403 of the Tennessee Code are both criminal statutes that pertain to "official misconduct" and "official oppression" and may be brought "only by indictment, presentment, or criminal information."[4] Plaintiff's third state law claim is brought pursuant to Tenn. Code Ann. § 8-7-502 for misconduct as it relates to the Board of Professional Responsibility. This statute does not apply to Defendant, however, because among other reasons he is not a "district attorney general." Tenn. Code Ann. § 8-7-502.

Even if the previously stated grounds were insufficient to support dismissal of Plaintiff's complaint, Defendant is entitled to absolute immunity from suit when acting within the scope of his

---

[4] Plaintiff has filed an affidavit of complaint along with his complaint, presumably, because the statute provides that nothing in the section on official misconduct or official oppression "shall deny a person from pursuing other criminal charges by affidavit of complaint." The sections Plaintiff intends to enforce, however, must be brought by a prosecutor.

9

prosecutorial duties. *Yaselli v. Goff*, 275 U.S. 503 (1927) (affirming Second Circuit decision extending absolute immunity to federal prosecutors); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (prosecutor protected by absolute immunity against civil damages for activities "intimately associated with the judicial phase of the criminal process"); *Harris v. Bornhorst*, 513 F.3d 503, 509-10 (6th Cir. 2008); *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006). Here, Plaintiff's bare factual allegations reveal he is challenging Defendant's (that is AUSA Neff's) actions at Plaintiff's sentencing, particularly Defendant's support of the upward departure that resulted in Plaintiff's 60-month sentence. Because this conduct occurred while Defendant was performing his prosecutorial duties as an assistant United States attorney, the Court concludes Defendant is entitled to absolute immunity in this case.

Accordingly, Defendant's motion to dismiss should be **GRANTED** (Court File No. 6).

### B. Additional Filings

Plaintiff filed several motions in this case after Defendant filed his motion to dismiss. Because the Court's decision to grant Defendant's motion to dismiss is dispositive of the case, the Court need not address most of Plaintiff's filings. The Court has, however, highlighted two of Plaintiff's pending motions to show that, even after considering Plaintiff's motions, the Court's decision to dismiss the case is still proper. The Court will address Plaintiff's "Motion for Stay of Proceedings" (Court File No. 18) and Plaintiff's motion for leave to file an amended complaint (Court File No. 24) below.

#### 1. "Motion for Stay of Proceedings"

Although Plaintiff titled his brief "Motion for Stay of Proceedings," his primary request is that the Court appoint counsel so he does not have to proceed *pro se* (Court File No. 18). He states

10

Case 1:12-cv-00040 Document 28 Filed 09/25/12 Page 10 of 12 PageID #: 84

he needs an attorney appointed due to his indigent status. Defendant filed a response in opposition (Court File No. 21).

It is well established in this circuit that the appointment of counsel in a civil case is a privilege, not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993). It is justified only by "exceptional circumstances." *Id.* at 606. Moreover, pursuant to 28 U.S.C. § 1915(d), appointment of counsel is inappropriate when "a *pro se* litigant's claims are frivolous" or "the chances of success are extremely slim." *Id.* (internal citations omitted). Because Plaintiff's complaint lacks merit and fails to state a claim upon which relief can be granted, it would be inappropriate to appoint counsel. Moreover, Plaintiff has failed to identify any "exceptional circumstances" that would justify the appointment of counsel. Thus, while the Court is sympathetic to the challenges Plaintiff may face proceeding *pro se*, the Court must **DENY** Plaintiff's "Motion for Stay of Proceedings" (Court File No. 18).

### 2. Motion for Leave to File an Amended Complaint

Plaintiff has also filed a motion for leave to file an amended complaint (Court File No. 24). Defendant filed a response in opposition (Court File No. 25). On September 14, 2012, Magistrate Judge Susan K. Lee filed a Report and Recommendation (R&R) pursuant to 28 U.S.C. § 636(b)(1) recommending the Court deny Plaintiff's motion (Court File No. 26). Because the parties have not had sufficient time to file objections, the Court must independently review Plaintiff's motion. The Court notes at the outset, however, that it agrees with the magistrate judge's conclusions and recommendations.

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, a party may amend his pleading within the time period allowed under the Federal Rules. Otherwise the pleading can only be

11

amended "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15. The Court may also freely give leave to amend "when justice so requires." *Id.* Plaintiff, however, has failed to demonstrate that sufficient grounds exist to warrant the amendment of his pleadings at this stage. Plaintiff's proposed amended pleadings consist of (1) a complaint for official misconduct, (2) an affidavit of complaint, and (3) a memorandum of complaint and affidavit. The amended complaint alleges the same constitutional and statutory violations as the original complaint. The primary difference is that Plaintiff now cites to Rules 1 and 3 of the Federal Rules of Criminal Procedure. Yet because this is a civil action, Plaintiff's revisions are inapplicable and irrelevant. Moreover, even if the Court accepted Plaintiff's proposed amended complaint, the case would still warrant dismissal due to the *Heck* favorable termination rule and Defendant's absolute immunity. Hence, Plaintiff's motion for leave to amend the complaint must be **DENIED** (Court File No. 24).

## IV. CONCLUSION

For the foregoing reasons, the Court will **GRANT** Defendant's motion to dismiss (Court File No. 6). The Court will **DENY** Plaintiff's "Motion for Stay of Proceedings" (Court File No. 18) and Plaintiff's motion for leave to file an amended complaint (Court File No. 24). No further matters remain for adjudication. Accordingly, Plaintiff's case is **DISMISSED** and the Clerk of Court is **ORDERED** to **CLOSE** the case.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**

12